**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOE PEREZ SIERRA,

    Petitioner-Appellant,

v.

EDWARD L. EVANS, Warden,

    Respondent-Appellee.

No. 98-6040
(D.C. No. 97-CV-1181)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Joe Perez Sierra, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254 habeas petition on statute of limitations grounds. We grant the certificate of appealability, affirm in part, reverse in part, and remand for further proceedings.

Sierra was convicted in state court of trafficking in illegal drugs after former conviction of two or more felonies and was sentenced to 200 years' imprisonment and fined $100,000. His conviction was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals on March 29, 1996. He did not file a petition for writ of certiorari with the United States Supreme Court.

Sierra filed a pro se motion for new trial based on newly-discovered evidence on October 23, 1996. He alleged he had learned of news reports indicating Anne Castillo, a DEA chemist who testified in his case concerning identity of the illegal drugs, had admitted filing false drug test results in numerous criminal cases. The state court denied the motion for new trial. Sierra filed a motion for rehearing and a "motion for order of nunc pro tunc," and both motions were denied on March 12, 1997. Sierra then filed a "petition in error" with the Oklahoma Court of Criminal Appeals. The court declined jurisdiction over the matter on April 4, 1997, concluding Sierra had failed to properly seek post-conviction relief in the trial court.

Sierra filed his § 2254 habeas petition on July 18, 1997. A magistrate judge recommended the petition be dismissed for failure to file within the one-

-2-

year period of limitations set forth in 28 U.S.C. § 2244(d)(1). The magistrate concluded (1) the limitations period began to run on June 27, 1996, when Sierra's conviction became final; (2) Sierra's motion for new trial did not toll the limitations period; and (3) Sierra failed to file his federal habeas petition on or before June 27, 1997. The district court adopted the magistrate's recommendation and dismissed the habeas petition as untimely. The court rejected Sierra's argument that the period of limitations did not begin running until he first learned of the news reports concerning Castillo, concluding Sierra "could have discovered this evidence at trial through cross-examination of the witness or through the discovery process prior to trial." Record, Doc. 12 at 3-4.

In 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress established a one-year period of limitations for habeas petitions filed by state prisoners. See 28 U.S.C. § 2244(d)(1). Generally, this limitations period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. However, where the "factual predicate of the [habeas] claim or claims" could not have been discovered through due diligence prior to conclusion of direct review or expiration of time for seeking direct review, the limitations period does not begin to run until "the date on which [such] factual predicate . . . could have been discovered through the exercise of due diligence." Id.

-3-

Under the general rule, Sierra's habeas petition was clearly untimely as his criminal conviction became final on June 27, 1996.  See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (concluding case is final where "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied"). Although Sierra subsequently filed a motion for new trial, the Oklahoma Court of Criminal Appeals concluded it was not a proper vehicle for seeking post-conviction relief.  Thus, the filing of the motion for new trial did not toll the one-year period of limitations for seeking federal habeas relief.  See 28 U.S.C. § 2244(d)(2) (limitations period tolled by "properly filed application for State post-conviction or other collateral review").

The critical question is whether Sierra can take advantage of the extended limitations period outlined in § 2244(d)(1)(D).  This requires us to review the "factual predicate" of Sierra's habeas claims and determine whether they could have been discovered prior to when his conviction became final.  Although Sierra's habeas petition is frustratingly vague, it appears some of his claims are based upon his concern that Castillo may have falsely testified at his trial concerning the chemical makeup of the seized substances.  For example, he appears to claim if Castillo in fact falsely testified, the evidence was otherwise insufficient to support his conviction and he should receive a new trial.  His other

-4-

claims do not appear to center on Castillo's testimony (e.g., trial counsel ineffective for failing to obtain assistance of interpreter).

To the extent Sierra's claims are based upon his allegations of false testimony on the part of Castillo, we conclude they fall within the exception outlined in § 2244(d)(1)(D) and were timely filed. On approximately July 19, 1996, newspapers around the country began reporting that Castillo, a veteran chemist with the DEA, had been suspended after acknowledging to superiors she had reported results on drug evidence without actually conducting the required tests. See, e.g., Lab Worker's Admission Worries Federal Drug Case Prosecutors, The Saturday Oklahoman, July 20, 1996, at 1; Hundreds of Drug Cases May Be in Jeopardy, The Dallas Morning News, July 19, 1996, at 34A.

We disagree with the district court's conclusion that Sierra could have learned of this information at the time of trial through discovery or cross-examination. Under these highly unusual circumstances, where a government agent has admitted to lying under oath at multiple trials, we are not convinced either discovery or cross-examination would have revealed potential flaws in Castillo's testimony. We conclude Sierra could not through due diligence have discovered this information until he learned of it through news reports. Although it is unclear from the record precisely when Sierra actually learned of the news reports, it is apparent it could not have been earlier than July 19, 1996, and he had

-5-

until at least July 19, 1997, to file any federal habeas claims concerning Castillo's testimony at his trial. [1] We find it necessary to remand this case to the district court for further proceedings. Because the record on appeal indicates Sierra has not exhausted his state court remedies with respect to these claims, the district court is instructed to dismiss them without prejudice.

Sierra's application for a certificate of appealability and his motion for leave to proceed on appeal without prepayment of costs or fees are GRANTED. The judgment of the district court is AFFIRMED IN PART and REVERSED IN PART, and this case is REMANDED for further proceedings consistent with this order.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] We emphasize the news reports concerning Castillo suggest she did not begin falsifying reports until February 1996, which was after she would have testified at Sierra's trial. However, out of an abundance of caution, we believe it is proper to allow Sierra to pursue his claims concerning Castillo's testimony.